UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FREDDIE LEBLANC                                    CIVIL ACTION

VERSUS                                             NUMBER: 07-2977

JEFFREY TRAVIS, WARDEN, RCC                         SECTION: "A"(5)


**REPORT AND RECOMMENDATION**


Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Freddie LeBlanc. (Rec. docs. 1). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that LeBlanc's petition be dismissed with prejudice.

Petitioner LeBlanc is a state prisoner who is presently incarcerated at the Rayburn Correctional Center ("RCC"), Angie, Louisiana. According to his petition, on November 20, 2002, LeBlanc pled guilty to the crime of manslaughter in the Twenty-First Judicial District Court for the Parish of Tanghipahoa, State

of Louisiana, and was thereupon sentenced to twenty years imprisonment. (Rec. doc. 1, p. 1). Petitioner indicates that he did not directly appeal his conviction which thus became final on November 25, 2002 when the five-day appeal period then prescribed by LSA-C.C.P.Art. 914(B)(1) expired and no motion therefor was made. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further direct review in the state courts expires).

Thereafter, LeBlanc indicates that on October 1, 2004, over one year after his conviction had become final, he filed an application for post-conviction relief in the state trial court that was denied on October 4, 2004. (Rec. doc. 1-2, p. 4). However, a second such application filed by LeBlanc was granted by the trial court on October 11, 2005, resulting in the setting aside of his guilty plea. (Rec. docs. 1-2, pp. 4-5; 1-3, pp. 1-2). Unfortunately for LeBlanc, that victory was somewhat short lived as the Louisiana Supreme Court subsequently granted the State's writ application on September 15, 2006, reversing the trial court's judgment and reinstating LeBlanc's conviction and sentence. State v. LeBlanc, 973 So.2d 844 (La. 2006).[1] The instant proceeding

_____

[1] In doing so, the Louisiana Supreme court first found that LeBlanc's application for post-conviction relief was untimely under LSA-C.C.P. Art. 930.8 and should not have been considered on the merits. LeBlanc, 937 So.2d at 844. Alternatively, the Louisiana

2

followed.

In the above-captioned petition filed pursuant to §2254, LeBlanc frames the sole ground for relief as follows:

> Louisiana Supreme Court erred in reversing the 21st JDC's judicial factfinding that petitioner LeBlanc's counsel rendered prejudicially ineffective assistance.

> (Rec. doc. 1, p. 4).

In answer to Question No. 13 of the standardized §2254 application completed by LeBlanc, he admits that his sole ground for relief has not been presented to the Louisiana Supreme Court for exhaustion purposes under 28 U.S.C. §2245(b)(1)(A) because to do so would be tantamount to asking that tribunal to address its own error. (Id.).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like LeBlanc now have one year from the date that their convictions become final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-

---

Supreme Court concluded that LeBlanc's guilty plea was voluntary and was not entered as a result of ineffective assistance of counsel.  Id.

conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.

The one-year time bar may be raised by the Court <u>sua</u> <u>sponte</u>. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted above, LeBlanc's conviction became final on November 25, 2002 when the five-day appeal period prescribed by Art. 914(B)(1) expired and no motion therefor was made.  At that point, the one-year limitation period set forth in §2244(d) began to run and had long since expired when LeBlanc filed his application for post-conviction relief on October 1, 2004.  What may have occurred before the state courts subsequent to the latter date is of no moment because the one-year limitation period had by then already run its course.  Although the §2244(d) limitation period can be tolled in "rare and exceptional circumstances", neither a prisoner's <u>pro</u> <u>se</u> status, actual innocence, or ignorance of the AEDPA constitute such circumstances.  <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1035, 121 S.Ct. 622 (2000).  As such, LeBlanc's petition is time-barred and should be dismissed as such.

Alternatively, even if the Court were free to review the merits of LeBlanc's petition it would still deny the requested relief.  As noted above, LeBlanc frames his sole claim herein as error on the part of the Louisiana Supreme Court in reversing the

4

decision of the trial court which had granted him post-conviction relief.  On that score, the Fifth Circuit has repeatedly held that federal habeas courts do not sit as "super" state supreme courts to review errors under state law.  Cronnon v. State of Alabama, 587 F.2d 246, 250 (5th Cir. 1979)(and cases cited therein).  In a habeas proceeding such as this one, the question is not whether the state court erred or whether state law had been transgressed but whether there has been a violation of the petitioner's constitutional rights.  28 U.S.C. §2254(a); Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558 (1983); Bailey v. Procunier, 744 F.2d 1166, 1168 (5th Cir. 1984).

To the extent that LeBlanc was dissatisfied with the decision of the Louisiana Supreme Court, his recourse was to seek reconsideration from that tribunal or to request review by the U.S. Supreme Court via a petition for writ of certiorari; federal courts, as courts of original jurisdiction, do not sit as appellate courts to review, modify, nullify, or enforce the orders of the state courts.  Lidtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 906, 115 S.Ct. 271 (1994); Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986); Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984), cert. denied, 474 U.S. 968, 106 S.Ct. 333 (1985).

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Freddie LeBlanc be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  14th  day of _____June_____, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

6